**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| REGINALD AGNEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-CV-00015 HEA |
| | ) | |
| CHARLES PEWITT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented plaintiff Reginald Agnew, an inmate currently incarcerated at the Dunklin County Justice Center, filed this civil rights action on January 22, 2025; however, plaintiff neither paid the $405 Court filing fee nor filed a motion to proceed without prepayment of fees or costs. Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2).  Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice.

After review of the complaint, the Court will also order plaintiff to amend his pleading on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A). As written, plaintiff's allegations are conclusory and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915. For example, plaintiff filed his civil rights action against Dr. Charles Pewitt, a medical contractor who works at the Dunklin County Justice Center, as well as Nurse Lana Unknown, pursuant to 42 U.S.C. § 1983. Plaintiff brings this action against both defendants in their official and individual

capacities. Plaintiff asserts in his lawsuit that he was suffering from high blood sugar on or about December 24, 2024, while incarcerated at Dunklin County Justice Center. At the time, Dr. Pewitt was "on call." Plaintiff does not indicate if he was suffering from a diagnosed medical condition causing the high blood sugar, or if Dr. Pewitt knew of the alleged medical condition or the alleged high blood sugar. Nonetheless, plaintiff states that an inmate the Justice Center injected him with an unknown medication on that date, and he has purportedly suffered from medical issues after this injection. Plaintiff does not state why he believes Dr. Pewitt or Nurse Lana is responsible for this issue. Simply put, plaintiff has failed to properly allege that he sought medical treatment from either defendant on December 24, 2024, and he has failed to allege that the defendants knew he was purportedly suffering from a serious medical issue, or that they allegedly denied him proper medical treatment for a serious medical condition.[1]

    Nonetheless, due to the gravity of plaintiff's allegations, the Court will allow plaintiff to amend his pleading. Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint

---

[1] The Court recognizes that plaintiff states that he had high blood sugar on a second day in December of 2024, and he asked both defendants if he could go to the hospital on that date, but his request was denied. Deliberate indifference to serious medical needs can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). *See also Davis v. Buchanan County, Missouri,* 11 F.4th 604, 624 (8th Cir. 2021). However, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber,* 433 F.3d 642, 646 (8th Cir. 2006). Thus, if defendants believed plaintiff was able to receive adequate medical treatment at Dunklin County Justice Center for his high blood sugar, it is unlikely that this Court would find deliberate indifference to his serious medical needs in violation of the Constitution by denying him a trip to the emergency room on the second date in December of 2024. Nonetheless, if plaintiff has additional grounds for purported deliberate indifference, he should include those claims in his amended complaint.

will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

## Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form and a copy of the Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 29th day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE