UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| REGINALD AGNEW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-CV-00015 HEA |
| CHARLES PEWITT, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiff's handwritten amended complaint filed on February 18, 2025. [ECF No. 8]. Also before the Court are two Applications to Proceed in District Court Without Prepaying Fees or Costs. [ECF Nos. 6 and 9]. Unfortunately, plaintiff has failed to comply with the Court's January 29, 2025 Opinion, Memorandum and Order requiring him to file his amended complaint on a Court-provided form. *See* ECF No. 7. And he has failed to properly fill out his Applications to Proceed in District Court Without Prepaying Fees or Costs,[1] or file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint as he was previously ordered to do. *See* 28 U.S.C. § 1915(a)(2).

As noted in the Court's prior Opinion, Memorandum and Order, pursuant to Local Rule 2.06(A), plaintiff is required to amend his pleading on a Court-provided form. The Court will provide plaintiff an additional twenty-one (21) days to amend his complaint on a Court form, as

---

[1] For example, in his Application to Proceed in District Court Without Prepaying Fees or Costs entered by the Court on January 29, 2025, *see* ECF No. 6, plaintiff noted he was incarcerated at the Dunklin County Jail, but he failed to fill out any additional information on the Court form. In the Application to Proceed in District Court Without Prepaying Fees or Costs filed on February 18, 2025, *see* ECF No. 9, plaintiff again noted he was incarcerated at Dunklin County Jail, but he indicated that he was paying child support from his prison account, which is unlikely. For these reasons, the Court will deny plaintiff's pending Applications without prejudice and allow plaintiff to refile his motions with the Court.

well as time to file a new Application to Proceed in District Court Without Prepaying Fees or Costs, along with a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint.

Additionally, the Court has reviewed plaintiff's allegations in his amended pleading, and finds that as stated, they are conclusory and fail to state a claim as currently written. He once again attempts to assert an action against Dr. Charles Pewitt, a medical contractor who works at the Dunklin County Justice Center, as well as Nurse Lana Unknown, pursuant to 42 U.S.C. § 1983. He also states that he would like to sue "several [Correctional Officers from the Jail] as John Does."[2]

Plaintiff claims that he would like to sue Dr. Pewitt and Lana Unknown for "violation of standard of care, medical malpractice & negligence & deliberate indifference in violation of [his] Eighth Amendment Constitutional Right[s]." Plaintiff's allegations against Dr. Pewitt and Lana Unknown, however, appear to arise from a disagreement with their adherence to their "own protocol" dealing with plaintiff's diabetes. A violation of an institutional rule, however, does not equate to a constitutional violation. And plaintiff's other claims against defendants Pewitt and Lana Unknown arise from state law claims for relief, *i.e.*, medical malpractice and negligence.

Plaintiff's assertions relating to an unknown Correctional Officer at the Jail appear to be twofold. Plaintiff claims that an unknown Correctional Officer had two inmates assist plaintiff in injecting his insulin during a three-day period at the end of December of 2024.[3] Additionally, plaintiff asserts that an unknown Correctional Officer failed to allow him to go to the hospital

---

[2]When amending his complaint, plaintiff must specify each John Doe he is attempting to sue and set forth allegations against each John Doe in the amended complaint separately.

[3]Plaintiff's allegations relating to these incidents are sparse. For example, plaintiff does not indicate how or why this allegedly occurred. Plaintiff does not state how other inmates had access to insulin or to needles or who instructed them to inject him or when this allegedly occurred.

when he asked to do so because he believed his blood sugar was not receding with the medication he had been given.

The Court discussed in its January 29, 2025 Opinion, Memorandum and Order how to set forth a deliberate indifference claim under 42 U.S.C. § 1983, and the difference between mere disagreement with treatment decisions and deliberate indifference to a serious medical need. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Plaintiff has not indicated in his pleading why he believes the unnamed Correctional Officer's actions falls within the latter, or why other inmates had the ability to inject him with insulin at the Jail, but he should include this information in his amended pleading.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [ECF Nos. 6 and 9] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form and a copy of the Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. **If plaintiff files a motion to proceed in forma pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.**

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 25th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE